FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 2:24-CR-00033-MKD-2 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| CHRISTINE MIX, | **MOTION DENIED** **(ECF No. 42)** |
| Defendants. | |

On April 22, 2024, the Court held a detention review hearing to consider Defendant CHRISTINE MIX's Motion to Revisit Detention. **ECF No. 42**. Defendant appeared while in custody with court-appointed counsel Robert Seines. Assistant U.S. Attorney Rebecca Perez represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

**I.    MOTION TO REOPEN DETENTION**

Defendant seeks temporary release to Spokane Addiction Recovery Centers (SPARC), an inpatient substance abuse treatment facility, on April 23, 2024, at 12:30 p.m. to avail herself of substance abuse treatment. **ECF No. 42**. The Court finds that Defendant's Motion to Revisit Detention, ECF No. 42, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct another detention hearing.

Specifically, Defendant, through counsel, presented a proposed release plan for temporary release to inpatient substance abuse treatment and argued the treatment conditions justify reconsidering Defendant's detention and that the proposed release plan would reasonably assure Defendant's appearance as required

ORDER - 1

and/or the safety of any other person and the community.  The Court noted that Defendant previously admitted to a lengthy history with substance abuse, but also claimed that she "has not consumed cocaine for approximately 20 years" and that she has not "consumed methamphetamine for 5 years." ECF No. 26 at 2.

The United States argued there remain no conditions that justify reconsidering detention and there are no conditions the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.

The Court has reviewed and considered:  the proffers and arguments of counsel; the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 10; the Pretrial Services Report, ECF No. 11; the Supplemental Pretrial Services Report, ECF No. 26; the Supplemental Pretrial Services Report, ECF No. 32; the Court's prior Order Following Detention Hearings on Indictment, ECF No. 34; and Defendant's Motion to Revisit Detention, **ECF No. 42**.  Pursuant to 18 U.S.C. § 3142, the Court also considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).  The Court also considered that a rebuttable presumption of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3)(A) as this case involves offenses under the Controlled Substances Act for which the maximum penalty is ten years or more in prison.

ORDER - 2

ECF No. 1, 3. The United States has invoked the presumption of detention. ECF No. 10 at 2.

On the record, facts, and proffers before the Court, and for the reasons stated in this Order, in the Court's prior Order Following Detention Hearings on Indictment, ECF No. 34, and during the last hearing, Defendant's latest release proposal fails to overcome the rebuttable presumption of detention in this case. Additionally, regardless of the rebuttable presumption of detention, Defendant's latest release proposal also fails to alter the Court's prior findings that the United States has established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's appearance as required and that the United States has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release. Accordingly, Defendant's motion for temporary release to inpatient substance abuse treatment is denied.

**IT IS ORDERED:**

1. The Defendant's Motion for Reconsideration of Detention, **ECF No. 42,** is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18

ORDER - 3

U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

     5.    If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

     **IT IS SO ORDERED.**

     DATED May 6, 2024.



                                            JAMES A. GOEKE
                               UNITED STATES MAGISTRATE JUDGE

ORDER - 4